UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    James A. Davis,                           Bankruptcy Case No. 18-21325-PRW
                                                                       Chapter 7

               Debtor.

James A. Davis,

               Plaintiff,                     Adversary Proceeding No. 19-2008-PRW

    v.

United States Department of Education, and
Navient Corporation,

               Defendants.

**DECISION AND ORDER
DENYING MOTION TO DISMISS COMPLAINT
UNDER RULE 12(b)(6) FRCP AND
RULE 7012(b) FRBP**

PAUL R. WARREN, U.S.B.J.

      James Davis, a Chapter 7 debtor, filed an adversary proceeding seeking to discharge student loan debt that he owes to the United States Department of Education and Navient Corporation. (ECF AP No. 1).[1] Rather than filing an answer to the complaint, USDOE has moved to dismiss the complaint under Rule 12(b)(6) FRCP, made applicable to this proceeding under

---

[1] References to the docket for the adversary proceeding are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

Rule 7012(b) FRBP. (ECF AP No. 16). Mr. Davis opposes the motion, arguing that he has sufficiently pled a cause of action against USDOE under the undue hardship exception codified in 11 U.S.C. § 523(a)(8). (ECF AP No. 23). On June 21, 2019, at 10:17 A.M. EDT, the Court entered a text order advising counsel that the motion was being taken under submission and dispensing with oral argument, as the position of each party was fully briefed and adequately presented. (ECF AP No. 25). That text order was sent by email through CM/ECF to counsel at that time.[2]

Having carefully reviewed the complaint, the motion to dismiss, and the reply, the Court finds that the complaint does allege sufficient facts that, taken as true—as they must be in connection with a motion to dismiss under Rule 12(b)(6)—state a plausible claim for relief under § 523(a)(8) of the Code. The motion to dismiss by USDOE is **DENIED**.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

---

[2] Late in the afternoon of June 26th, plaintiff's counsel called the Court to inquire as to the hearing originally scheduled for the 27th. When advised that the motion had been taken under submission on the 21st, counsel indicated that she had not reviewed the Court's email containing the text order. Because plaintiff's counsel is appearing in this case *pro hac vice*, the Court takes a moment to advise plaintiff's counsel—and all counsel appearing before this Court—that it is incumbent on counsel to review all email generated by CM/ECF *daily* and to review the case docket *frequently*. Counsel acts at her peril in failing to do so.

## II.

## FACTS

It is axiomatic that, in ruling on a motion to dismiss a complaint under Rule 12(b)(6) FRCP, the Court must accept as true all of the allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Cleveland v. Capshaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *In re Bishop*, 578 B.R. 158, 163 (Bankr. W.D.N.Y. 2017) (Warren, J.). The Court must accept the following facts alleged in the complaint to be true, for today's purposes, without deciding whether the alleged facts are true for purposes of trial.

Mr. Davis is 50 years old and lives in Campbell, New York. (ECF AP No. 1 ¶ 9). He owes around $277,400 in student loan debt, of which $233,500 is attributable to the debt that he owes to USDOE. (*Id.* ¶ 27). Mr. Davis owes an additional $40,000 to non-student loan unsecured creditors. (ECF BK No. 1, Sch. E/F). He was granted a Chapter 7 discharge in this case. (ECF BK No. 39).

Mr. Davis graduated from college in 1991, hoping to become a priest. (ECF AP No. 1 ¶ 10). He worked as a grocery store clerk following graduation for approximately 4 years. (*Id.* ¶ 11). He then joined the Navy in 1995, but was discharged in 1996 due to a medical condition. (*Id.* ¶ 12). For the next two years, Mr. Davis worked for his father and for a local seminary, during which time he began to show signs of bipolar disorder. (*Id.* ¶ 13). However, from 1998 through 2006, Mr. Davis seems to have enjoyed fairly stable employment at modest, but steadily increasing, wages. (*Id.* ¶¶ 14-15).

In 2006, Mr. Davis entered law school at the University at Buffalo, graduating in 2009. (ECF AP No. 1 ¶ 16). Upon graduation, Mr. Davis earned $35,000 a year as an attorney. (*Id.* ¶ 19). He then landed a job at Hiscock & Barclay LLP from 2010 until 2013, earning $70,000 a

year. (*Id.*). For unspecified reasons, Mr. Davis found himself unemployed in April 2013. (*Id.*). He does seem to have found a job with another law firm fairly promptly, earning $35,000 a year. (*Id.*). Mr. Davis was terminated from that job due to his medical condition. (*Id.*). He next worked for Citibank from 2014 until 2016, earning $24,000 a year. (ECF AP No. 1 ¶ 20). During that time he worked a second job at a gas station to earn additional income. (*Id.*). From 2016 until now, Mr. Davis has been employed as an attorney earning $45,900 a year. (*Id.* ¶ 21). In a recent filing, Mr. Davis disclosed that earlier this year he also received a $4,000 tax refund and a $3,250 bonus from his employer. (ECF BK No. 23).

Mr. Davis owns a home, in which he has over $36,000 in equity. (ECF BK No. 1, Sch. A/B). He purchased the home because the mortgage payment is less than the amount he was paying for rent. (ECF AP No. 1 ¶ 40). It is not clear when Mr. Davis purchased his home or how he accumulated the equity. It is also not clear whether his "mortgage payment" includes taxes and insurance costs. He drives a 10-year old car and has no other assets of note. (*Id.*). After payment of his monthly expenses, Mr. Davis is left with around $50.00 of disposable income. (*Id.* ¶¶ 33-34). Under an income-based repayment plan, Mr. Davis would be required to pay more than $200 a month to USDOE. (*Id.* ¶ 39).

Mr. Davis attributes his inability to secure (and keep) a higher paying job as an attorney to his many medical conditions. Those conditions include depression, bipolar disorder, diabetes, sleep apnea and post-traumatic stress disorder. (ECF AP No. 1 ¶ 41). Because of his medical conditions and low-paying jobs, Mr. Davis has made only modest payments to USDOE over the years (totaling just over $3,700) and was forced to seek forbearance agreements from USDOE, causing his student loan balances to increase. (*Id.* ¶ 42).

4

According to the complaint, based on all of these facts—which must be taken as true—Mr. Davis does not have the ability to secure a better paying job or to generate sufficient income to repay his student loans. If forced to repay his student loans, Mr. Davis would not be able to provide for his basic expenses for food, shelter and medical needs. (*Id.* ¶ 39).

## III.

## DISCUSSION

USDOE has moved to dismiss the complaint under Rule 12(b)(6) FRCP, asserting that the complaint fails to state a cause of action. Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) FRCP; Rule 7008 FRBP. "[H]eightened fact pleading of specifics" is not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A party must allege "only enough facts to state a claim to relief that is plausible on its face . . . [to] nudge[] the[ir] claims across the line from conceivable to plausible." *Id.; see also Wacker v. JP Morgan Chase & Co.*, 678 Fed. App'x 27, 29 (2d Cir. 2017); *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010); *In re Bishop*, 578 B.R. at 163. "On a motion to dismiss, [the] Court must accept all well-pled facts in the Complaint as true and view them in the light most favorable to Plaintiff." *In re McDaniel*, 590 B.R. 537, 544 (Bankr. Colo. 2018) (citing *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015)). "Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *In re McDaniel*, 590 B.R. at 544 (quoting *Dias v. City and Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)) (internal quotation marks omitted).

5

Much of the USDOE motion focuses on demonstrating that Mr. Davis will be unable to carry his burden of proof under each of the three prongs of the *Brunner* test, established by the Second Circuit. *See Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987). And much of Mr. Davis' reply to the motion similarly focuses on demonstrating his ability to prevail at trial in proving each of the three *Brunner* prongs. "During this threshold review, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 2 Moore's Federal Practice § 12.34[1][a] (3d ed. 2018) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996)).

Student loan debts are not discharged in bankruptcy unless a debtor can show that not discharging the student loan debt would impose an undue hardship on the debtor and the debtor's dependents. In the Second Circuit, to succeed on a claim of "undue hardship," a debtor must prove "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner*, 831 F.2d at 396. Mr. Davis' complaint includes factual allegations going to each of the requisite elements of the undue hardship test under 11 U.S.C. § 523(a)(8) and states a claim for relief for purposes of Rules 8(a)(2) and 12(b)(6) FRCP. Viewing the facts in the light most favorable to Mr. Davis and accepting those facts as true—as the Court must for purposes of the motion to dismiss—the Court finds that Mr. Davis has sufficiently pled each element of the *Brunner* test to survive the motion to dismiss.

# IV.

# CONCLUSION

The motion by USDOE to dismiss Mr. Davis' complaint under Rule 12(b)(6) FRCP, for failure to state a claim upon which relief may be had, is **DENIED**. USDOE must answer or otherwise appear in response to the complaint within 30 days of this decision.

**IT IS SO ORDERED.**

DATED: June 27, 2019 _____/s/_____
     Rochester, New York           HON. PAUL R. WARREN
                                      United States Bankruptcy Judge